**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL  EMPLOYMENT  OPPORTUNITY COMMISSION** | ) ) ) ) | **CASE NO. 3:02 CV7374** |
| **PLAINTIFF,** | ) ) | |
| | ) | **JUDGE JAMES G. CARR** |
| **v.** | ) ) ) | |
| | ) | |
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION NO. 998** | ) ) ) ) | **CONSENT DECREE** |
| **DEFENDANT.** | ) ) ) ) | |

This action was commenced on July 25, 2002, when the Equal Employment

Opportunity Commission ("EEOC" or "Commission") filed a complaint alleging that

Defendant International Brotherhood of Electrical Workers, Local 998 ("Local 998"), had

violated Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), and Title I of the

Civil Rights Act of 1991 ("CRA of 1991") by engaging in discrimination on the basis of harassment based on sex, female and retaliation for engagement in activity protected by Title VII .

The Defendant denies the material allegations raised by the Complaint.

The Defendant has acknowledged receipt of Summons and a copy of the Commission's Complaint filed in this matter, has entered an appearance, and for purposes of this Consent Order only, admits the jurisdiction of this Court over the subject matter of this action.

The Commission and Defendant have conferred and resolved their differences and have advised this Court that they desire to resolve the instant controversy without the burden, expense and delay of further litigation.  This Order resolves all claims of the Commission alleged in this Action against Local 998, including claims for injunctive relief, attorney's fees and costs arising out of this lawsuit.

**NOW THEREFORE**, without trial or adjudication of any issue of fact or law raised by the Commission's Complaint herein, it is the finding of this Court that:

1) This Court has jurisdiction over the parties hereto and the subject matter of this action pursuant to 28 U.S.C. Sections 451, 1331, 1343 and 1345;

2) The provisions of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 will be carried out by the implementation of this Consent Order;

3) This Consent Order is intended to and does resolve all matters in controversy between the parties.

It is therefore **ORDERED, ADJUDGED** and **DECREED** as follows:

2

1.  The term of this Order shall be two (2) years from the date of entry by the Court.

2. Nothing contained in this Consent Order shall be construed to be an admission by Defendant that it has violated Title VII of the Civil Rights Act of 1964, as amended.

3.  Defendant shall pay the total amount of $5,500.00  to Charging Party Goretti Newwman.  Defendant shall issue the check to Goretti Newman directly and shall provide the Commission with a copy of the check written to Ms. Newman.

4. Within ten (10) days after the entry of this Order, Defendant shall post in  its Vermillion, Ohio facilities, in conspicuous locations, the Notice attached hereto and incorporated herein as Exhibit "B".  Said Notice shall remain posted for one year from the entry of this Order.

5. Within six months' of the entry of this Consent Decree, Defendant shall conduct mandatory training for all of its members in the laws prohibiting employment discrimination.  Said training shall include a substantive discussion on  harassment based on sex and retaliation for engagement in activities protected by Title VII..

Local 998 shall provide the Commission with the identities and credentials of the person(s) conducting the training in the laws prohibiting employment discrimination. Local 998 shall also provide the Commission with the sign in list of all members attending the aforementioned training.

6.  Defendant shall report in writing to the Commission within six weeks after each of the obligations set forth herein has been accomplished. Reports should be directed to the Regional Attorney of the EEOC Cleveland District Office.

7.  Nothing  in this Consent Order shall preclude the Commission from bringing suit

3

to enforce the terms of this Consent Order.

8. This Court shall retain jurisdiction of this case for purposes of insuring compliance with this Consent Order and entry of such further orders as may be necessary or proper to effectuate the purposes of this Consent Order.

9. Each party to this action shall bear its own costs.

                                  9th                     January,

IT IS SO ORDERED this _____day of _____2006

                    s/ James G. Carr

                _____

CHIEF JUDGE JAMES G. CARR
UNITED STATES DISTRICT COURT JUDGE